UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL FERNANDES,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-00430-DAD-EFB (HC)

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 3)

On February 13, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order seeking his immediate release from respondents' custody, or in the alternative, a bond hearing before an immigration judge where respondents will have the burden of justifying petitioner's continued detention.  (Doc. No. 3.)  On 2/18/2026, respondents filed an opposition to the motion in which they concede that "the facts in this case are not materially distinguishable from *Arshakyam*[1] and similar cases decided by the Court."  (Doc. No. 8 at 4.)  Respondents also indicated that they do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction.  (*Id.* at 1.)  On February 23, 2026, the court granted petitioner's motion to appoint counsel.  (Doc. No. 11.)  On April 14, 2026, petitioner, proceeding

---

[1]  *Arshakyam v. Warden of Cal. City Det.*, No. 1:25-cv-01780-DAD-AC (HC), 2026 WL 143143 (E.D. Cal. Jan. 20, 2026)

1

through counsel, filed a reply brief in support of the pending motion for temporary restraining order. (Doc. No. 15.) Therein, petitioner modifies the scope of the relief sought and requests that the court order petitioner's release if the government fails to provide petitioner with a bond hearing before an immigration judge where respondents must establish that petitioner presents either a flight risk or a danger to the community by clear and convincing evidence. (*Id.* at 24.)

Petitioner, a citizen of India, entered the United States on or about November 24, 2024. (Doc. No. 8-4 at 2.) He encountered border patrol agents shortly thereafter, was immediately detained, and placed into expedited removal proceedings. (*Id.* at 2–3.) On December 30, 2024, petitioner expressed a fear of returning to India and was referred to a credible fear interview on January 21, 2025. (Doc. No. 8-5 at 1.) Petitioner has been in respondents' custody pursuant to 8 U.S.C. § 1225(b)(1) since his initial encounter with border patrol officials on November 24 2024, and has not been provided with a bond hearing before an immigration judge.

Having considered the circumstances surrounding petitioner's detention and the parties' arguments, the court finds instructive the reasoning set forth in its prior order in *Arshakyam v. Warden of Cal. City Det.*, No. 1:25-cv-01780-DAD-AC (HC), 2026 WL 143143 (E.D. Cal. Jan. 20, 2026), where the court held that the petitioner's 14-month detention under § 1225(b)(1) without a bond hearing violated due process. The court further concludes that the appropriate remedy under the circumstances is to provide petitioner with a bond hearing before an immigration judge where respondents must establish that petitioner is either flight risk or danger by clear and convincing evidence. *Maksim v. Annex*, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *5–7 (E.D. Cal. Oct. 9, 2025) (ordering a bond hearing where respondents bear the burden of establishing flight risk or danger by clear and convincing evidence); *R.M. v. Warden of Golden State Annex ICE Det. Facility*, No. 1:25-cv-1607-TLN-AC, 2026 WL 836322 (E.D. Cal. Mar. 26, 2026) (same), *report and recommendation adopted sub nom. R.M., v. Warden*, No. 1:25-cv-01607-TLN-AC, 2026 WL 896162 (E.D. Cal. Apr. 1, 2026).

For the reasons explained above,

1.     The court CONVERTS petitioner's motion for temporary restraining order, and GRANTS it as follows:

2

a. Within ten (10) days of the issuance of this order, respondents shall provide petitioner Samuel Fernandes, A-File No. 249-122-015, with a bond hearing before an immigration judge where respondents will have the burden of establishing that petitioner presents a danger to the community or flight risk justifying petitioner's continued detention by clear and convincing evidence.

2. Under the circumstances of this case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c);

3. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

4. The petition for writ of habeas corpus (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE