UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL FERNANDES,

          Petitioner,

    v.

WARDEN,

          Respondent.

No. 2:26-cv-00430-DAD-EFB (HC)

ORDER DENYING PETITIONER'S RENEWED MOTION FOR A TEMPORARY RESTRAINNG ORDER

(Doc. No. 19)

On February 13, 2026, petitioner, an immigration detainee initially proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, along with a motion for a temporary restraining order ("TRO"), and a motion for the appointment of counsel. (Doc. Nos. 1, 2, 3.) That same day, the court set a briefing schedule as to petitioner's motion for a TRO and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided. (Doc. No. 5.) In addition, the court directed that if respondent opposed the court ruling on the underlying *habeas* petition based on the briefing currently before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) On February 23, 2026, the court granted petitioner's motion for the appointment of counsel. (Doc. No. 11.) Counsel for petitioner entered an appearance on petitioner's behalf on March 13, 2026. (Doc. No. 14.)

1

Respondent filed a response in opposition to the motion for a TRO and habeas petition on February 18, 2026.  (Doc. No. 8).  Petitioner, now proceeding with counsel, filed a reply on April 14, 2026.  (Doc. No. 15.)  Subsequently, on April 22, 2026, the court granted petitioner's motion for a TRO and ordered that petitioner be provided a bond hearing within 10 days of the date of the order.  (Doc. No. 16).

A bond hearing was held on or about May 4, 2026, at which the immigration judge ("IJ"), denied petitioner bond.  (Doc. No. 18-1.)  The IJ determined that petitioner was a flight risk, and, that while petitioner had a sponsor in the United States, they had never met in-person, and the sponsor was not on the Court/webEx system so the immigration judge ("(IJ") gave little weight to her affidavit in support of petitioner's request for bond.  (*Id.*)

On June 17, 2026, petitioner filed a renewed motion for a TRO, the motion currently pending before this court.  (Doc. No. 19.)  Petitioner makes the following arguments in his renewed motion for a TRO related to his bond hearing:  (1) the IJ failed to apply the correct burden of proof in denying him bond; (2) the bond hearing did not comply with the Fifth Amendment's Due Process Clause; and (3) the IJ was not a neutral decision maker.

In response to the renewed TRO motion, respondent notes that the court ordered a bond hearing which was held, and that an appeal from the denial of bond is pending currently before the Board of Immigration Appeals ("BIA").  Thus, respondent asserts that petitioner has not yet exhausted his administrative remedies as he has already obtained a bond hearing as ordered by the court, at which bond was denied, and that decision is now on appeal to the BIA.

The court has construed petitioner's renewed motion for a TRO as a motion to enforce the court's prior order.  (Doc. No. 20.)  In deciding such a motion, the court's review "concerns whether the Government complied with the Court's Order and provided Petitioner with a bond hearing" where the government bore the burden of proof.  *Doe v. Becerra*, No. 2:25-cv-00647-DJC-DMC, 2025 WL 1233883, at *3 (E.D. Cal. Apr. 29, 2025) (denying a motion to enforce the court's order because the government had complied with the order and suggesting that the petitioner's claims regarding the sufficiency of the bond hearing were better suited to being raised by way of a new habeas petition or should have been the subject of an appeal to the BIA).  Here,

2

respondent complied with the court's order and provided petitioner a bond hearing, and the IJ stated she was imposing and applying a clear and convincing standard of proof on the government. (Doc. No. 19-2 at 1.)

Pursuant to the reasoning set forth in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2026 WL 1816122, at *1–2 (E.D. Cal. June 24, 2026), the court concludes that the exhaustion requirement should not be waived in this action. Here, petitioner raises several arguments that largely ask this court to re-weigh the evidence that was presented at the bond hearing, which fails to provide a basis to waive the exhaustion requirement. (Doc. No. 19 at 4–11); *see also O.A.C.S.*, 2026 WL 1816122, at *2 ("Here, a review of petitioner's arguments regarding whether the proper evidentiary burden was applied at the bond hearing in question reveals that petitioner largely argues that this court should reweigh the evidence of whether certain violations of the conditions of his release rendered him a flight risk and whether petitioner's evidence was separately compelling. In this regard, petitioner has simply not shown that exhaustion should not be required.") (internal citations omitted).

Finally, though petitioner argues that the current Administration's policy and statistical evidence indicate that IJ's in general no longer serve as impartial adjudicators, petitioner has not presented any evidence on the part of the IJ in this proceeding. Accordingly, the court declines to address this argument. *O.A.C.S.*, 2026 WL 1816122, at *2 ("Even were this novel argument properly before the court on a motion to enforce judgment, petitioner's argument does not address how the immigration judge who presided at the bond hearing was biased, instead arguing only that the entire immigration system is so fundamentally biased that no bond hearing would be fair. The court declines to address this argument.") (internal citation omitted).

For the reasons explained above, Petitioner's renewed motion for a temporary restraining order (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

Dated:   **July 6, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE