UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL FERNANDES,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 2:26-cv-00430-DAD-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 26) AND ORDER (ECF No. 27) |

Petitioner is a noncitizen alien who seeks habeas corpus relief from his current detention under 28 U.S.C. § 2241. ECF No. 1. Pending before the court are petitioner's first amended petition (ECF No. 26) and motion to appoint counsel (ECF No. 27). Because petitioner is presently represented by counsel, the undersigned recommends the first amended petition be stricken and denies as moot the motion to appoint counsel.

**PROCEDURAL BACKGROUND**

Petitioner initiated this action seeking habeas corpus relief under 28 U.S.C. § 2241, on February 13, 2026, ECF No. 1, and, the same day, moved for appointment of counsel, ECF No. 2, and for a temporary restraining order. ECF No. 3. Respondent filed a response to the petition and opposition to the motion for temporary restraining order, on February 18, 2026. ECF No. 8. The court granted the motion for appointment of counsel on February 23, 2026, ECF No. 11, and, on March 13, 2026, counsel entered an appearance. ECF No. 14. Petitioner, through counsel,

filed a reply to the opposition to the motion for temporary restraining order, on April 14, 2026. ECF No. 15. On April 22, 2026, the court granted the motion and ordered respondent provide petitioner a bond hearing within ten days. ECF No. 16. By the same order, the court referred the matter to the undersigned. *Id.* On May 5, 2026, respondent filed a notice of having complied with the court's order. ECF No. 18.

Petitioner, through counsel, filed a second motion for temporary restraining order, on June 17, 2026. ECF No. 19. On June 18, 2026, the court issued an order construing the motion as a motion to enforce judgment and ordered respondent to file a response. ECF No. 20. The court denied the motion on July 7, 2026. ECF No. 25.

On September 21, 2026, petitioner filed in propria persona a first amended petition for writ of habeas corpus, ECF No. 26, and motion for appointment of counsel, ECF No. 27. Respondent has not filed a response to either filing.

**DISCUSSION**

A litigant who is represented by counsel is not entitled to file documents with the court on their own behalf. *United States v. Arceneaux*, No. 2:03-cr-00371-MCE-EFB-P, 2019 WL 422562, at *1 (E.D. Cal. Feb. 4, 2019), *report and recommendation adopted*, 2019 WL 1572244 (E.D. Cal. Apr. 11, 2019); *see, e.g.*, *Meador v. Hammer*, No. 2:11-cv-3342 KJM AC P, 2015 WL 1238363, at *2 (E.D. Cal. Mar. 16, 2015). When a litigant files substantive pleadings pro se, he has, in effect, "engaged in hybrid representation without prior authorization" and the court's consideration of such filings "would defeat the purpose of appointment of counsel and unduly burden the court." *United States v. Hoang Ai Le*, No. 2:16-CV-1090 WBS AC, 2016 WL 9447193, at *2 (E.D. Cal. July 26, 2016), *report and recommendation adopted*, No. 2:16-CV-1090 WBS AC, 2016 WL 9447194 (E.D. Cal. Sept. 12, 2016). Consequently, such filings are typically stricken as improper, *see id.* (collecting cases); *see, e.g.*, *Reiffin v. Microsoft Corp.*, No. C 98-0266 WHA, 2011 U.S. Dist. LEXIS 62164, 2011 WL 2359059, at *1 (N.D. Cal. June 10, 2011), unless the party's filing requests the dismiss of counsel, *see Arceneaux*, 2019 WL 422562, at *1, or otherwise challenges the quality of his counsel's representation itself. *See Vieira v. Wong*, No. 1:05-CV-1492OWW, 2009 WL 1082335, at *3 (E.D. Cal. Apr. 22, 2009).

Here, petitioner's first amended petition for habeas corpus relief and motion for appointment of counsel were filed by petitioner pro se, despite petitioner being represented by counsel at the time of the filings and presently. *See* ECF No. 26 at 1; ECF No. 27 at 1; *see generally* L.R. 182(d) (setting forth process for counsel to withdraw from representation). In neither document does petitioner challenge his continued representation by present counsel; petitioner does not, in either filing, acknowledge that he is presently represented by counsel. As such, the undersigned denies petitioner's motion for appointment as moot, as petitioner is currently represented by appointed counsel, and recommends that the first amended petition (ECF No. 26) be struck.

**CONCLUSION**

Accordingly, it is ORDERED that petitioner's motion for appointment of counsel (ECF No. 27) is DENIED; and

It is RECOMMENDED that the First Amended Petition for Writ of Habeas Corpus (ECF No. 26) be STRUCK.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE